IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY SHELDON,<br>    ID # 13437-045,<br>        Petitioner,<br><br>vs.<br><br>K ZOOK, Warden,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:20-CV-3356-B-BH<br>)<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Motion to Reopen § 2241 Action*, received on December 21, 2020 (doc. 12). Based on the relevant filings and applicable law, the motion should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

####     I.     BACKGROUND

Gary Sheldon (Petitioner), a federal inmate currently incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* doc. 3.) It disputed a prison disciplinary proceeding, challenged the Bureau of Prisons' classification of him as a sex offender, argued that his due process rights were violated when prison officials at FCI Seagoville confiscated his materials, and alleged that his First Amendment rights were violated by the confiscation of his materials. (*See id.* at 2-3.) His challenges are premised on his claim that because he was not convicted of a sex offense, his classification as a sex offender is unconstitutional. (*See generally id.*; doc. 4.) Because Petitioner challenged conditions of his confinement and alleged claims that were not properly

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

asserted in a habeas action under § 2241, the petition was dismissed on November 13, 2020, without prejudice to reasserting the claims in a civil rights action. (*See* docs. 10, 11.)

Petitioner's motion to reopen this case, received on December 21, 2020, claims that "the dismissal of his disciplinary-action claim was improper." (*See* doc. 12 at 2.) Subsequently, on February 22, 2021, Petitioner filed a notice of appeal of the dismissal. (*See* doc. 13.) In response to a Magistrate Judge's Questionnaire (MJQ), he stated under penalty of perjury that he placed the motion in the prison mail system or gave it to prison authorities for mailing on December 11, 2020. (*See* docs. 14, 15.)

## II.   FED. R. CIV. P. 59(e)

Because Petitioner's motion was filed[2] within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource*

---

[2] **Error! Main Document Only.***See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

2

Case 3:20-cv-03356-B-BH   Document 16   Filed 04/20/21   Page 3 of 4   PageID 156

*Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.*  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner does not allege an intervening change in the law or the availability of new evidence not previously available.  Nor has he demonstrated a manifest error of law or fact of law or fact in the dismissal without prejudice.  He admits that he "described mixed issues in his initial pleadings," but now claims that "the central basis for his § 2241 petition is his claim that the disciplinary action taken by prison administrators violated his constitutional rights in a manner resulting in the undue extension of the length of his imprisonment by the recission [sic] of good-time credits." (doc. 12 at 1.)  His petition, however, intertwines any request for relief under § 2241 with civil rights claims that are not cognizable in a habeas petition; the alleged "central basis" is not clear.  (*Id.* at 2.)   Because Petitioner has not shown the existence of new law, availability of new evidence not previously available, or that a manifest error of law or fact was made, or any other extraordinary circumstances justifying alteration or amendment of the dismissal of his petition, he is not entitled to relief under 59(e) and his motion should be denied.

Because his claims were dismissed without prejudice, and he has not alleged any bar that precludes him from filing a new action regarding the same disciplinary proceedings, Petitioner may file a new § 2241 petition raising only his disciplinary proceedings claim.  The Clerk's Office

is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a petition under 28 U.S.C. § 2241, and an application to proceed *in forma pauperis* in case he wishes to file a new § 2241 petition.

### III. RECOMMENDATION

The petitioner's *Motion to Reopen § 2241 Action*, received on December 21, 2020 (doc. 12), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 20th day of April, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE