IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY SHELDON, ) | |
| # 13437-045, ) | |
| Petitioner, ) | |
| ) | No. 3:20-CV-3356-B-BH |
| vs. ) | |
| ) | |
| K ZOOK, Warden, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241*, received on November 10, 2020 (doc. 3), should be **SUMMARILY DISMISSED** with prejudice.

### I.  BACKGROUND

Gary Sheldon (Petitioner), a federal inmate currently incarcerated at Englewood Federal Correctional Institution (FCI) in Littleton, Colorado, brought this action under 28 U.S.C. § 2241 while he was incarcerated at FCI Seagoville in Seagoville, Texas. (*See* doc. 3.) He names the former warden of FCI Seagoville as the respondent. (*See id.* at 1.)

On November 9, 2015, Petitioner pled guilty in the Western District of Missouri, Springfield Division, to receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and was sentenced to 188 months' imprisonment, to be followed by a life term of supervised release. (*See* Case No. 6:15-CR-3073-BP-1 (W.D. Mo.), docs. 24, 25, 34.) Based on his offense, he was classified as a sexual offender under Bureau of Prisons (BOP) policy at FCI Seagoville and placed on a Correctional Management Plan (CMP). (*See* doc. 3 at 2-3.) Between

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

December 2018 and August 2019, he was issued several incident reports for violating BOP disciplinary code 306 – refusing work/program assignment, based on his non-compliance with conditions of his CMP. (*See* doc. 4 at 22-24); 28 C.F.R. § 541.3, table 1. In January 2020, he was issued an incident report for violating BOP disciplinary code 305 – possessing an unauthorized item. (*See* doc. 4 at 25); 28 C.F.R. § 541.3, table 1.

On January 29, 2020, while serving his sentence at FCI Seagoville, Petitioner was charged by incident report no. 3358486 with violating BOP disciplinary code 306. (*See* doc. 4 at 18). The incident report appears to allege that "reporting staff found in [Petitioner's] possession approximately 150 4" x 6" scantily clad and provocatively posed women, in which in some images women were engaged in the lasciviously [sic] display of their genitals or engaging in sexual acts."[2] (*Id.* at 19.) The images violated several restrictions of Petitioner's CMP. (*See id.*) A copy of the incident report was delivered to Petitioner on January 29, 2020, and he was advised of his rights before the DHO on January 30, 2020. (*See id.* at 18.)

A discipline hearing before the DHO was held on April 30, 2020. (*See id.*) Petitioner did not request a staff representative and stated that he understood his rights at the hearing and had received a copy of them. (*See id.* at 18, 20.) Petitioner requested inmate witnesses Roger Snake and James Wilson, and statements were taken from them. (*See id.* 19-20.) At the hearing, Petitioner denied the charge and claimed that the confiscated material was for a legal case and that the images were photocopies, not original photos. (*See id.* at 18, 20.) He did not have an answer for the DHO's question regarding why Petitioner had 150 images "if a sample was for a legal

---

[2] Although he attaches several incident reports to his filings, Petitioner does not include a copy of incident report no. 3358486. (*See* doc. 4 at 22-25.) He attaches the Discipline Hearing Officer (DHO) Report to incident report no. 3358486, however, which describes the allegations of the incident report. (*See id.* at 19.) Additionally, in a separate civil action, Petitioner filed a copy of incident report no. 3358486 and a document which appears to be the corresponding hearing notice, both of which are consistent with the DHO Report. (*See* No. 3:19-CV-2041-M-BH, doc. 15 at 21, 23.)

case." (*Id.* at 20.) He stated that he did not receive permission from a staff member to be in possession of the images even though he had been previously sanctioned for the same conduct. (*See id.*) He stated that he did not possess any other images at the time and date of the hearing, and that he knew and understood he was on a CMP. (*See id.*) Inmate Snake stated that a box of legal material arrived in their room and Petitioner said nothing was missing; he also overheard Petitioner say that he had a legal case pending. (*See id.* at 19-20.) Inmate Wilson stated that Petitioner had pictures in legal paperwork, but Wilson did not personally see them; he also stated he helped Petitioner type documents for his legal case. (*See id.*)

The DHO considered Petitioner's defense to the charge, the statement of reporting staff, and supporting documentation. (*See id.*) The DHO found that the greater weight of the evidence supported the determination that Petitioner committed the charged act and violated disciplinary code 306. (*See id.* at 20.) As sanctions, the DHO disallowed 14 days of good conduct time, and took away visiting and email privileges for 120 days. (*See id.*) The DHO report was delivered to Petitioner around May 13, 2020.[3] (*See id.* at 21.) Petitioner appealed the disciplinary case and incident report on May 21, 2020, and the Regional Director denied his appeal on July 17, 2020. (*See* doc. 3 at 6-7.) He appears to have subsequently appealed the Regional Director's denial. (*See id.* at 1, 8.)

The § 2241 petition asserts the following grounds:

(1) The DHO is directly linked to the previously filed complaint filed by the petitioner. Case #3:19-cv-2041-M-BH;

(2) Sex offender classification exceeds B.O.P. statutory authority;

(3) The Defendant violate [sic] DUE PROCESS; and

---

[3] The specific day on which the report was delivered is partly illegible. (*See* doc. 4 at 21.)

   (4) Prison officials violate the First Amendment.

(*Id.* at 2-3.)  He "seeks to have the incident report #3358486 be dismissed and removed from my central file, the 14 days good time be given back, not be [sic] required to participate in the CMP, the PSF/sex offender classification be removed, the mail filtering policies The Bureau of Prisons Appropriations Act/Ensign Amendment be found in violation of the First Amendment, and for an Injunction preventing the prison officials at F.C.I. Seagoville from further violations as set forth herrein [sic], and to have all previous Incident Reports expunged as they violated Procedural Due Process." (*Id.* at 3.)

   On November 13, 2020, his claims were dismissed without prejudice to reasserting them in an action under 42 U.S.C. § 1983 because they appeared to challenge his conditions of confinement.  (*See* docs. 10-11.)  On January 3, 2023, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) vacated the judgment in part and remanded the petition for the Court to address Petitioner's "claim involving his prison disciplinary proceeding that resulted in the loss of at least 14 days of good-time credit" under § 2241.  (doc. 21 at 2.)  It affirmed the dismissal without prejudice of Petitioner's claims "involving the Bureau of Prisons' classifying him as a sex offender and the prison officials' confiscation of his materials" because they do not challenge the fact or duration of his confinement.  (*Id.*)  Accordingly, the issues on remand are limited to Petitioner's claim involving the prison disciplinary proceeding that resulted in the loss of at least 14 days of good conduct time.[4]

---

[4] On appeal, Petitioner alleged the loss of 21 hours of good conduct time.  *See Sheldon v. Zook*, No. 21-10169 (5th Cir. Nov. 10, 2022), doc. 69 at 2.

## II.     SECTION 2241

Section 2241 states, in relevant part, that a habeas petitioner may be granted relief only if he "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner can utilize habeas corpus proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484-88 (1973); *see also Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (stating that the "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose"). Conversely, "habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration." *Granville v. Hunt*, 411 F.2d 9, 12 (5th Cir. 1969). Allegations complaining of the rules, customs, and procedures affecting conditions of confinement or treatment of prisoners are properly brought in a civil rights action. *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987).

## III.     SUMMARY DISMISSAL

A § 2241 petition is subject to summary dismissal if it appears on its face that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034, 1038 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'"); *McAdams v. United States*, No. 3:18-cv-2059-K-BN, 2018 WL 4112876, at *1 (N.D. Tex. Aug. 9, 2018) (citing *Braunskill* and summarily dismissing § 2241 petition); 28 U.S.C. § 2243 (not requiring a responsive filing by the respondent where "it appears from the application that the applicant or person detained is not entitled [to a writ of habeas corpus]."). Additionally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (§ 2254 Rules), effective on

December 1, 2019, provides that a petition must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"[5]

### IV.   DUE PROCESS

Petitioner appears to contend that the DHO proceeding that resulted in the loss of good time credits violated his due process rights. (*See* doc. 3 at 2; doc. 4.)

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law. . .." U.S. Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). To establish a violation of the due process of law in connection with a disciplinary proceeding, a prisoner must establish that he has been denied a "'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Petitioner was denied a liberty interest because he was disallowed 14 days of good conduct time as sanctions in the DHO proceeding. *See, e.g.*, *Kapordelis v. Myers*, 16 F.4th 1195, 1200 (5th Cir. 2021) ("Because [the petitioner] has a liberty interest in accumulated good time credits, revocation of the credits must comply with minimal requirements of due process.").

### A.   DHO Hearing

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing that results in a sanction

---

[5] Rule 1(b) of the § 2254 Rules provides that the § 2254 Rules are applicable to habeas petitions not covered under § 2254. *See, e.g.*, *Beaird v. Joslin*, No. 3:05-CV-1833-K (BH), 2006 WL 2473338, at *3 (N.D. Tex. Aug. 11, 2006) (applying Rule 1(b) to § 2241 petition).

affecting a liberty interest. Constitutional due process requires that the inmate receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity to appear at the hearing, call witnesses, and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

Here, Petitioner alleges that "while exercising his First Amendment [sic] by possessing photographs/publications of which were allegedly confiscated by prison officials at F.C.I. Seagoville and as a reult [sic] was given an incident report followed by the DHO [proceeding] now being appealed in this court." (doc. 3 at 2.) He argues that the DHO proceeding "was the result of the plaintiff's continual refusal to participate in the [CMP]." (doc. 4 at 1.)

Regarding the first *Wolff* factor, on January 29, 2020, Petitioner was given a copy of the incident report no. 3358486, and on January 30, 2020, he was given notice of the DHO hearing, which was held three months later, on April 30, 2020. (*See* doc. 4 at 18.) Regarding the second factor, Petitioner appeared at the hearing on April 30, 2020, he denied the charge and provided his statement, and his two requested witnesses appeared before the DHO and provided their statements. (*See id.* at 18-20.) As to the third factor, he received a written statement from the DHO setting forth the documentary and other evidence upon which the decision was based, and the reasons for the action. (*See id.* at 19-21.) Because each of the factors have been satisfied, and Petitioner does not assert otherwise, he was afforded all of the due process required under *Wolff*.

To the extent he challenges the sufficiency of the evidence to support the finding that he committed the prohibited act of refusing a work/program assignment under BOP disciplinary code 306, due process does not require that the evidence in a prison disciplinary proceeding eliminate

all other possible conclusions, but only that there is "some evidence" in support. *Hill*, 472 U.S. at 455-56; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A 1981) (stating that the inquiry is whether the decision of the prison authority is supported by "some facts" or "any evidence at all."). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 572 U.S. at 455-56 (citations omitted). A reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). When reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith*, 659 F.2d at 545; *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Here, the images found during the search resulting in the incident report, reporting staff's statement, and Petitioner's statements and placement on a CMP constitute evidence in the record that supported the conclusion reached by the DHO at the hearing. Petitioner therefore has not shown that he was denied his right to due process in this respect during the DHO proceeding.

Because he fails to show that his due process rights were violated during the DHO disciplinary proceeding, his claim is without merit and should be dismissed.[6]

---

[6] In his request for relief, Petitioner seeks "to have all previous Incident Reports expunged as they violated Procedural Due Process." (doc. 3 at 3; *see also* doc. 4 at 2.) He has not shown that he has exhausted his administrative remedies and was denied a cognizable liberty interest as to any incident report other than incident report no. 3358486, which resulted in the challenged DHO proceeding, however. Further, the Fifth Circuit's remand was limited only to "his claim involving his prison disciplinary proceeding that resulted in the loss of at least 14 days of good-time credit." (doc. 21 at 2.) Accordingly, he is not entitled to § 2241 relief in connection with any other incident report, and to the extent alleged, such claims should be summarily dismissed.

B. **Sex Offender Classification**

Petitioner also alleges various constitutional due process and First Amendment violations that "are all due to the wrongful classification" of Petitioner as a sex offender. (doc. 4 at 2; *see id* at 3 ("As discussed throughout this petition and all papers attached herein, the first amendment [sic] violations are all due to petitioner's classification as a sex offender.".) As noted by the Fifth Circuit, his claims involving his classification by the BOP and the confiscation of his materials do not challenge the fact or duration of his confinement. (*See* doc. 21 at 2.) Further, he raised constitutional due process and First Amendment challenges to his BOP classification and resulting CMP placement in a prior civil action that was dismissed with prejudice.[7] (*See* No. 3:19-CV-2041-M-BH, docs. 40, 49, 53-54.) Accordingly, he is not entitled to § 2241 relief on these claims.

V. **RECOMMENDATION**

The *Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241*, received on November 10, 2020 (doc. 3), should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED this 6th day of September, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Petitioner also has filed multiple lawsuits in other district courts raising the same or similar claims and arguments against various defendants and respondents. *See, e.g.*, *Sheldon v. Williams*, No. 1:23-cv-00273-SBP (D. Co. Jan. 30, 2023); *Sheldon v. Zook*, No. 1:22-cv-01868, 2022 WL 3139021 (D.D.C. July 28, 2022); *Sheldon v. Sanders*, No. 6:19-cv-03213-MDH (W.D. Mo. June 10, 2019); *Sheldon v. Sanders*, No. 6:17-cv-03335-MDH (W.D. Mo. Oct. 19, 2017); *Sheldon v. Sanders*, No. 6:17-CV-03119-BP-P, 2017 WL 6813719 (W.D. Mo. Oct. 10, 2017).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE